UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMILLE L. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 09 C 6705 |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant City of Chicago ("the City") to dismiss certain claims of the complaint of Plaintiff Camille Thomas. For the reasons set forth below, the motion is granted.

## BACKGROUND

Thomas is an African-American female former employee of the City's Department of Fleet Management. Her employment was terminated in September 2007. Shortly thereafter, Thomas filed a charge of employment discrimination with the Equal Employment Opportunity Commission in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. In her charge, she contended that the City and her former supervisor, Dan Murphy, engaged in unlawful employment practices based on her race

and gender, including denial of a pay raise in March 2007 and her September 2007 termination.

On August 14, 2009, the EEOC issued a right-to-sue letter to Thomas, and she filed the instant suit on October 23. Her complaint sets forth claims under Title VII as well as two claims for civil rights violations prohibited by 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Specifically, Thomas states that she is "filing a case for wrongful termination, mistreatment, gender discrimination, race discrimination, etc." The City has been served; the docket does not reflect that Murphy has been served or otherwise appeared in the case.

The City now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Thomas's § 1981 and § 1983 claims against it for failure to state a claim upon which relief can be granted.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*,

939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim, a complaint must describe the claim in sufficient detail to give the defendant notice of what it is and the ground upon which it rests and plausibly suggest that the plaintiff has a right to relief. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

With these principles in mind, we turn to the City's motion.

**DISCUSSION**

The City's argument sets forth three main points. First, it contends that the § 1981 and § 1983 claims must be dismissed for failure to satisfy the pleading requirements for claims of civil rights violations against a municipality. Second, it argues that the § 1983 claim was filed outside of the applicable statute of limitations period and therefore should be dimissed. Lastly, the City points out that Thomas's complaint does not provide any sense of the relief she is seeking and requests that she give specifics in that regard.

On the first point, well-established Supreme Court authority provides that a municipality is not liable for civil rights violations committed by its employees solely because of the employment relationship. *See*, *e.g.*, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, the alleged constitutional injury

must be the direct result of a municipal policy or custom or occur at the hands of a person who possessed final policymaking authority for the City as a whole. *See id.* at 690; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926 (1988) (plurality opinion); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300 (1986) (plurality opinion). In other words, the governmental entity itself must be a "moving force" behind the alleged injury before liability can attach; otherwise it cannot be fairly said that the injurious acts are truly those of the municipality. *See*, *e.g.*, *Bd. of County Comm'r of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997). Fairly read, Thomas's allegations do not set forth a plausible basis to believe that the City was involved in the conduct she alleges to the extent required by the cases described above. As a result, dismissal of the § 1981 and § 1983 claims against the City is appropriate.

On the question of whether Thomas's § 1983 claim is time-barred, the City points out that the latest action Thomas points to in her complaint occurred in September 2007. Section 1983 claims are subject to a two-year statute of limitations in Illinois. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Without tolling or some other extension of the two-year period, Thomas's complaint, filed in October 2009, would be untimely. Thomas in essence argues that the statutory period for filing her § 1983 claim was tolled while she waited to receive notification from the EEOC of her

right to sue on her Title VII claims. The City has not provided, nor has our research revealed, any Seventh Circuit authority specifically addressing this question. However, our Court of Appeals has determined that for § 1981 claims, the statutory period for filing is not tolled by the existence of a concurrent proceeding before the EEOC. *Peters v. Renaissance Hotel Operating Co.,* 307 F.3d 535, 551 (7th Cir. 2002); *see also Iravedra v. Public Building Auth.*, 283 F. Supp. 2d 570, 577 (D.P.R. 2003) (EEOC action does not suspend limitations period for filing related § 1983 claim). However, given the deficiencies in Thomas's pleadings with respect to the requirements of *Monell*, an adjudication of the propriety of the timing of her filing is not necessary.

Thirdly, the City's motion requests that Thomas amend her complaint to include a particularized presentation of the relief she is seeking in this case. Rather than filing a new pleading, Thomas states in her response to the City's motion that the relief she is seeking consists of several components. First, she wishes to be immediately reinstated to her position as a database administrator for the City. Next, she wishes to have all negative reports removed from her personnel file. She also requests year-to-date raises, bonuses, and pension benefits. Next, she requests an amount of damages equal to nine years' salary. She also requests that certain actions be taken with respect to other City employees, but as those persons are not parties to this action, the requests that she makes are not available as potential remedies and therefore will not be

considered. The City contends that the general rule that a party cannot amend a pleading with assertions in a brief should bar these statements, but given her *pro se* status and the fact that her response in essence gives the City the relief it sought rather than thwarting a position it had previously taken, we will not require Thomas to formally amend her complaint to include the damages requests.

Finally, Thomas moves for a second time for appointment of counsel. She previously requested to be supplied with pro bono representation; that request was denied on November 5, 2009. Since that time, Thomas has attempted to find counsel, but none of the other reasons set forth in our November 5 order for denying the request have changed. Accordingly, there is no reason at this time for a different response, and the motion is denied.

## CONCLUSION

Based on the foregoing analysis, the City's motion to dismiss Thomas's § 1981 and § 1983 claims against it is granted. Thomas's motion for appointment of counsel is denied.

／s／ Charles P. Kocoras
———————————————
Charles P. Kocoras
United States District Judge

Dated:     April 15, 2010